NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0481n.06

No. 24-5180

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 03, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE |
| ALONZO QUANT'E HARRISON, | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF KENTUCKY |
|  | ) |  |
|  | ) | OPINION |

Before: SUTTON, Chief Judge; BUSH and MURPHY, Circuit Judges.

**BUSH, Circuit Judge.** Law enforcement obtained a warrant, searched Alonzo Harrison's residence, and found large quantities of controlled substances and several firearms. Despite the search having been conducted under a judge-issued warrant, Harrison argues the evidence must be suppressed. We disagree. The affidavit supporting the warrant was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. So, we **AFFIRM.**

**I.**

Harrison is no stranger to law enforcement. And in April 2022, a confidential informant told officers in the police department of Lexington, Kentucky that Harrison was distributing controlled substances out of a residential property in that city. Over the ensuing months, Detective Charles Johnson, a twenty-two-year veteran of the department, investigated Harrison. In November 2022, Johnson applied for a warrant to search another Lexington residence associated with Harrison, with an address different from the property that the informant earlier identified. Johnson believed Harrison was using the second residence to facilitate the distribution

of controlled substances. The two residences—one on Pine Street, the other on Strawberry Fields Road—were referenced in a probable cause affidavit that Johnson submitted with the application. The affidavit described his investigation as follows.

Acting on the informant's tip, Johnson initially surveilled a residence associated with Harrison on Pine Street. On several occasions, Johnson observed what he believed, based on his training and experience, to be Harrison "making narcotics transactions with other subjects." Affidavit, R. 10–1, PageID 57. Harrison would travel from the residence to a nearby gas station, where others would approach him, have a conversation, and then drive off.

Several months into the investigation, Harrison moved to a residence on Strawberry Fields Road, and Johnson began surveillance of that residence. In October 2022, Johnson searched a trash can outside the Strawberry Fields residence. He found three "individual corner baggies tied in a knot" and seventeen "sandwich bags covered in greyish powder." Affidavit, R. 10–1, PageID 57. Johnson later explained in his affidavit that the three "corner baggies tied in a knot [were] consistent with someone packaging narcotics with the grey powder substance consistent with that of heroin or fentanyl." *Id.* A few weeks later, and the same day he applied for the warrant, Johnson once again pulled four "sandwhich [sic] bags with greyish powder" out of Harrison's trash. *Id.* Taken as a whole, Johnson contended this information established probable cause to search the Strawberry Fields residence for evidence of "the illegal use of, or trafficking in a controlled substance." *Id.* at PageID 55.

A Kentucky magistrate granted Johnson's application and issued a warrant to search the Strawberry Fields residence. State law enforcement then executed the warrant and seized large quantities of controlled substances, several firearms, and a large amount of cash. Relying on the

evidence seized during the search, a federal grand jury indicted Harrison on four felony firearm and controlled substance counts.

Harrison then moved to suppress the evidence. He argued that Johnson's affidavit failed to provide probable cause to authorize the search. The district court denied Harrison's motion without an evidentiary hearing. The court held that Johnson's affidavit provided probable cause to justify the warrant, and at the very least, the good-faith exception to the exclusionary rule would permit introduction of the evidence seized.

Subsequently, Harrison pleaded guilty to all four counts of the indictment. But he preserved his right to challenge the denial of his motion to suppress on appeal. The district court sentenced Harrison to a total term of 180 months' imprisonment, and he timely appealed.

**II.**

Because this case turns on conclusions of law, we review the district court's denial of Harrison's motion to suppress de novo. *United States v. Trice*, 966 F.3d 506, 512 (6th Cir. 2020). And we will affirm the district court's decision if it "can be justified for any reason." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994).

We apply the Fourth Amendment, which restates the centuries-old "right of the people to be secure in their . . . houses . . . and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has interpreted the Amendment to generally require a warrant for a search or seizure to be reasonable. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). And the Amendment textually requires that warrants be issued only upon a showing of "probable cause, supported by Oath or affirmation." U.S. Const. amend. IV.[1] Harrison's challenge

---

[1] The Fourteenth Amendment requires state officials to respect the guarantees of the Fourth. *Wolf v. Colorado*, 338 U.S. 25, 27–28 (1949); *Mapp v. Ohio*, 367 U.S. 643, 655–56 (1961). And the Supreme Court has held federal prosecutors generally may not introduce evidence

centers on that final requirement. He argues Johnson's affidavit failed to provide probable cause. And he maintains that defect requires suppression of evidence seized pursuant to the warrant.

Though longstanding, probable cause is a famously nebulous standard. *See Maryland v. Pringle*, 540 U.S. 366, 370–71 (2003). It does not set a "high bar" for law enforcement, *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (citation omitted), and instead requires only that an officer demonstrate "reasonable grounds to believe that contraband will be located on the property to be searched," *United States v. Sanders*, 106 F.4th 455, 461 (6th Cir. 2024) (en banc) (citation omitted). Determining whether an affidavit supplies probable cause is a fact-intensive inquiry that requires an examination of the totality of the circumstances. *See id.* at 461–62. Rather than viewing each factual allegation independently, we view the facts asserted in the affidavit holistically and ask whether, "taken together," they point to a sufficient likelihood that contraband is located on the premises. *United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019) (en banc).

We need not decide whether Johnson's affidavit provided the probable cause necessary to issue the warrant. "The issue of whether evidence should be excluded is discrete from the question of whether the Fourth Amendment rights of the party seeking exclusion were violated." *United States v. Frazier*, 423 F.3d 526, 535 (6th Cir. 2005). And here, the exclusionary rule does not apply because the officers who conducted the search of Harrison's residence acted in good-faith reliance on the warrant. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

Under the good-faith exception, "when an officer relies on a search warrant later invalidated, evidence obtained from the warrant-authorized search is admissible unless reasonable officers would not have believed the warrant constitutionally permissible." *United States v.*

---

obtained by state officials where, as is alleged here, the evidence was obtained as a result of an unreasonable search or seizure. *Elkins v. United States*, 364 U.S. 206, 215–24 (1960).

*McCoy*, 905 F.3d 409, 416 (6th Cir. 2018). Good-faith reliance on an affidavit requires a "less demanding showing" than the "threshold required to prove the existence of probable cause." *Frazier*, 423 F.3d at 536 (citation omitted). "Still, for an officer's reliance on a search warrant to have been reasonable, the affidavit must present some particularized facts that indicate veracity, reliability, and basis of knowledge and go beyond bare conclusions and suppositions." *McCoy*, 905 F.3d at 416 (citation omitted).

Johnson's affidavit did just that. It detailed a months' long investigation of Harrison, described in detail the specific conduct Johnson observed, including observations and physical evidence specific to the Strawberry Fields residence, and expressed Johnson's belief (based on his training and experience) that Harrison was engaging in illegal narcotics distribution. That was sufficient for a reasonable officer, also relying on the magistrate's issuance of the warrant, to conclude probable cause existed to search Harrison's residence. And it also means the affidavit was not "bare bones." That categorization applies only when an affidavit is "conclusory" and alleges nothing more than that the affiant believed probable cause existed. *United States v. White*, 874 F.3d 490, 496–97 (6th Cir. 2017). And as outlined above, the affidavit here contained "factual allegations" supporting Johnson's assessment of Harrison's conduct, not just Johnson's "suspicions or conclusions." *Christian*, 925 F.3d at 313.

The affidavit also included sufficient facts to allow a reasonable officer to infer a minimally sufficient nexus between evidence of the crimes alleged and the Strawberry Fields residence. *See McCoy*, 905 F.3d at 416. Johnson's affidavit contained evidence indicating that Harrison kept and dealt drugs out of his past residence. And a "reasonably well-trained officer could infer that a drug dealer who kept drugs in his former home would also keep drugs in his current home." *Frazier*, 423 F.3d at 537. What's more, Johnson's affidavit noted his contemporaneous recovery of

evidence from Harrison's trash consistent with someone packaging narcotics for distribution. That evidence, alone, may not be sufficient to create probable cause. But coupled with evidence of Johnson's dealing from a prior residence, it was enough to give officers a good-faith basis to believe a nexus existed. *See United States v. Abernathy*, 843 F.3d 243, 251–53 (6th Cir. 2016) (noting drug paraphernalia recovered from a trash pull may establish probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes).

Harrison maintains that the testimony in Johnson's affidavit was stale and therefore failed to suggest the presence of unlawful conduct or contraband at the time the warrant was issued. *See United States v. Spikes*, 158 F.3d 913, 923–24 (6th Cir. 1998). But given the circumstances of the investigation outlined in the affidavit, a reasonable officer executing the warrant could conclude the opposite. Johnson applied for the warrant in November 2022. And viewed collectively, the details of his investigation outlined in the affidavit describe an "ongoing and continuous" course of criminal conduct leading up to that date, *see United States v. Hython*, 443 F.3d 480, 485–86 (6th Cir. 2006), with specific evidence of potential contraband found at the residence on the same day the warrant application was filed. Relying on those representations, a reasonable officer executing the warrant could conclude that there was a reasonable likelihood that evidence of controlled substance crimes was present when the search was conducted.

That some observations outlined in the affidavit lack specific dates when the conduct occurred does not change our conclusion. The context of the affidavit suggests that the activity it outlines occurred between April 2022 and November 2022. So, the affidavit provided some indicia of "when the circumstances giving rise to probable cause occurred." *Abernathy*, 843 F.3d at 250. And even if some of the undated observations were stale, a reasonable officer could conclude that the more recent events identified in the affidavit, including the trash pull on the day of the warrant

application, refreshed any stale information. *See Spikes*, 158 F.3d at 924. The affidavit, therefore, was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (citation omitted). And so, the district court correctly denied Harrison's motion to suppress.

## III.

For these reasons, we affirm the district court's judgment.